UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| Twenty Thousand Dollars ($20,000.00) in | ) | JURY TRIAL REQUESTED |
| U.S. Currency, more or less, seized from | ) | |
| Quentin Simon, | ) | |
| | ) | |
| Defendant *in rem*. | ) | |
| | ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*,
FOR PROPERTY WITHIN THE UNITED STATES' POSSESSION, CUSTODY
OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G**

Plaintiff, United States of America, brings this complaint in accordance with

Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims,

and alleges:

**NATURE OF THE ACTION**

This is an action to forfeit and condemn to the use and benefit of the United States of

America the following property: Twenty Thousand Dollars ($20,000.00) in U.S. Currency, more

or less, seized from Quentin Simon, pursuant to 21 U.S.C. § 881(a)(6).

**JURISDICTION AND VENUE**

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant *in

rem* property under 21 U.S.C. § 881.  This Court has jurisdiction over this action under 28 U.S.C.

§§ 1355, 1395.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1355, 1395.

1

## THE DEFENDANT *IN REM*

The defendant *in rem* is: Twenty Thousand Dollars ($20,000.00) in U.S. Currency, more or less, seized from Quentin Simon.  The United States Marshals Service (USMS) has custody of the defendant *in rem*.

## FACTS

1.   Beginning in the spring of 2020, law enforcement officers identified Quentin L. Simon ("Simon") as a significant crack cocaine dealer, operating out of his apartment located at 109 Eastern Avenue, Apartment 302, in Manchester, New Hampshire.

2.   Law enforcement officers used a confidential informant ("CI") to purchase crack cocaine from Simon on four separate occasions during May, July and August of 2020.  The CI purchased a total of 70 grams of crack cocaine.  During each purchase, the CI was equipped with an audio and video recording device, and provided with recorded currency. Once the CI completed each purchase, law enforcement officers weighed and field-tested the crystal substance.  Each controlled buy was later analyzed by the state laboratory and tested positive for crack cocaine.

3.   On August 18, 2020, law enforcement officers executed a state search warrant at Simon's residence.   During the search of the apartment, officers found and seized: the defendant *in rem* $20,000 in U.S. Currency, more or less, along with an additional $58,858 in U.S. Currency, more or less, for a total of $78,858 in U.S. Currency; 892.3 grams of cocaine, 122.7 grams of crack cocaine and 647.2 grams of white powder/cutting agent, a collection of 107 pairs of sneakers, assorted jewelry, a loaded gun, a scale and four ecstasy pills.

From the master bedroom, officers found and seized: approximately $30,500 from under the bed; $5,000 from the floor; $218 from the nightstand; $2,560 from the dresser, and $22,000 from under the mattress cover.

*Figures 1 and 2- Currency found below bed and from under the mattress cover.*



From the living room, officers found and seized: a plastic container of cocaine weighing 348.1 grams from the floor; $15,256 from the living room coffee table; one loaded Walther .38 caliber handgun from under the couch;  $540 from a front pant pocket, and $251 from the back left pant pocket found on the floor.


*Figure 2- cash on living room coffee table*



In the kitchen, officers found and seized: $35 in U.S. Currency from a cabinet; two plastic bags of cocaine, weighing 116.7 grams and 6.0 grams; a box containing several bags of

cocaine and cutting agent from the top of the kitchen cabinets, and a digital scale from the counter top.

*Figures 3 & 4 - Kitchen: box containing cocaine and cutting agent/cocaine in kitchen cabinet.*



Officers found and seized $693 in U.S. Currency from the windowsill in the second bedroom.

From the third bedroom, officers found and seized $814 from a bank on the floor by the closet, $1950 from a wallet in the closet, and $31 in U.S. Currency from the top of a sneaker box.

*Figure 5 - Bank containing $814*



5.  Simon's criminal history includes a 2013 felony conviction for distribution of a controlled drug (cocaine).

6. The United States charged Simon with 6 counts of distribution of a controlled substance by Indictment on November 23, 2020. Indictment, *U.S. v. Quentin Simon*, No. 1:20-CR-00152-PB, ECF No. 1.

FIRST CLAIM FOR FORFEITURE
21 U.S.C. § 881(a)(6)

7. The allegations contained in paragraphs 1 through 6 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

8. Title 21, U.S.C. § 881(a)(6) subjects to forfeiture "all moneys … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or … all proceeds traceable to such an exchange and all moneys … used or intended to be used to facilitate any violation of" the Controlled Substances Act.

9. The defendant *in rem* was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act. As a result, the defendant *in rem* is liable to condemnation and forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

**PRAYERS FOR RELIEF**

Therefore, the United States requests that:

(a)    the Clerk of Court issue a Warrant of Arrest in Rem in the form submitted with this Verified Complaint to the United States Marshal for the District of New Hampshire, commanding him to arrest the defendant *in rem*;

(b)    this matter be scheduled for a jury trial;

(c)    judgment of forfeiture be entered; and

(d)     this Court grant the United States its costs and whatever other relief to which it

may be entitled.

Respectfully Submitted,

JOHN J. FARLEY
Acting United States Attorney

Dated:  May 18, 2021            By:     /s/ Robert J. Rabuck
Robert J. Rabuck
NH Bar # 2087
Assistant U.S. Attorney
53 Pleasant Street
Concord, New Hampshire
603-225-1552
Rob.Rabuck@usdoj.gov

## <u>VERIFICATION</u>

I, Adam Lambert, being duly sworn, depose and say that I am a Special Agent with the United States Drug Enforcement Administration, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture in Rem and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substance laws of the State of New Hampshire and of the United States.


/s/ Adam Lambert
Adam Lambert



STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK


Subscribed and sworn to before me this 18th day of May 2021.


/s/ Francine Doucette Conrad
Notary Public

My commission expires on: March 27, 2024